**Balwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74359.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Balwinder Kaur, Everett, WA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Balwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and for relief

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. Because petitioner's two-day detention fails to rise to the level of persecution, and she did personally not experience any other harm and remained in India without incident for one year after her husband's detention, her asylum claim accordingly fails. *See Prasad v. INS,* 47 F.3d 336, 337–38 (9th Cir.1995) (brief detention with some physical mistreatment not persecution); *see also Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001) (five to six-day detention did not constitute persecution).

Because petitioner failed to establish eligibility for asylum, it follows that she failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner also fails to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she was returned to India. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.